UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN ADAMEZ,

                *Plaintiff,*

-against-

TRANS UNION LLC,

                *Defendant.*

ELECTRONICALLY FILED
Jul 17 2023
U.S. DISTRICT COURT
Northern District of WV

3:23-CV-173 (Groh)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Bryan Adamez ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Trans Union LLC ("Trans Union" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Falling Waters, West Virginia.

6. Defendant Trans Union is a foreign entity that conducts business in the State of West Virginia, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Trans Union Pursuant to the Fair Credit Reporting Act

7. Plaintiff has a joint mortgage account with an entity doing business as First United Bank & Trust ("First United").

8. In or around July 2022, Plaintiff learned that First United was reporting to one or more credit bureaus that he was late on his July 2022 payment ("Inaccurate Late Payment").

9. Plaintiff disputed the Inaccurate Late Payment to First United, and First United confirmed that Plaintiff should not have had any late payment for July 2022.

10. First United informed Trans Union that Plaintiff was timely on his July 2022 payment.

11. Trans Union included the Inaccurate Late Payment on consumer reports published to third parties after it was informed by First United that the Inaccurate Late Payment was not correct. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As described below, Plaintiff also suffered credit harm. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

***Damages***

12. At all times pertinent hereto, the conduct of Trans Union and its agents was malicious,

intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

13. In the alternative, the conduct of Trans Union and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

14. Trans Union, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

15. Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including difficulty sleeping, frustration, humiliation, and apprehension about applying for credit.

    b. Plaintiff was defamed by Trans Union, which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Plaintiff also suffered a credit denial from an entity doing business as Full Performance Marine in December 2022 and, upon information and belief, additional credit harm.

16. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

17. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an

award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY TRANS UNION
## (CONSUMER REPORTING AGENCY)

18. Trans Union violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports included inaccurate information about Plaintiff, including but not necessarily limited to the Inaccurate Late Payment.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Trans Union:

1. Awarding against Trans Union actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted;
***/s/Aaron C. Amore***
Aaron C. Amore, Esquire, WVSB 6455
AMORE LAW, PLLC
206 West Liberty Street
Charles Town, WV 25414
Phone: 304-885-4117
Facsimile: 866-417-8796
E-mail: aaron@amorelaw.com

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.